UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
T.S. HAULERS, INC.,

                              Plaintiff,

    - against-

PHIL CARDINALE, BARBARA BLASS,
JOHN DUNLEAVY, TIMOTHY BUCKLEY,
JAMES WOOTEN, TOWN BOARD OF
THE TOWN OF RIVERHEAD, RICHARD
HANLEY, Planning Director of the Town of
Riverhead, LEROY BARNES, and
THE TOWN OF RIVERHEAD,

                              Defendants.
------------------------------------------------------------X

**OPINION AND ORDER**
**09 CV 0451 (SJF)(ARL)**

FEUERSTEIN, J.

On February 4, 2009, plaintiff T.S. Haulers, Inc. ("plaintiff") filed this action against the individual defendants comprising the Town Board of the Town of Riverhead[1]; the Town Board of the Town of Riverhead (the "Town Board"); Richard Hanley ("Hanley"), as planning director of the Town of Riverhead; Leroy Barnes ("Barnes"), as an employee of the Building Department of the Town of Riverhead; and the Town of Riverhead (the "Town") (collectively, "defendants"), pursuant to 42 U.S.C. §§ 1983 and 1988, alleging violations of its Fourteenth Amendment substantive and procedural due process and equal protection rights and a regulatory taking in violation of his Fifth Amendment rights. By order entered February 18, 2010, defendants'

---

[1] The complaint originally named Lou Boschetti, Ed Densieski, Richard O'Dea, Lyle Wells and Joseph Baier as the members of the Town Board of the Town of Riverhead. By order dated March 10, 2009, upon the parties' stipulation, the action was dismissed as against those defendants and defendants Phil Cardinale, Barbara Blass, John Dunleavy, Timothy Buckley and James Wooten were substituted in their stead.

1

motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim was granted and the complaint was dismissed in its entirety with prejudice. Judgment was entered in favor of defendants on February 19, 2010. Pending before the Court is defendants' motion for attorney's fees pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure. For the reasons stated herein, defendants' motion is granted.

I.  Procedural History

On February 4, 2009, plaintiff commenced this action against defendants pursuant to 42 U.S.C. §§ 1983 and 1988, asserting claims for violations of its Fourteenth Amendment substantive and procedural due process and equal protection rights and a regulatory taking in violation of its Fifth Amendment rights and seeking compensatory damages, injunctive relief, punitive damages, and costs and attorney's fees. By order entered February 18, 2010, defendants' motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim was granted and the complaint was dismissed in its entirety. Specifically, plaintiff's Section 1983 equal protection, substantive due process and procedural due process claims were dismissed as barred by the doctrine of collateral estoppel or, in the alternative, as time-barred; and plaintiff's Fifth Amendment Takings Clause claim was dismissed as not ripe for judicial review. Judgment was entered in favor of defendants on February 19, 2010.

Defendants now move pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure to recover attorney's fees against plaintiff.

II. DISCUSSION

   A. Prevailing Defendants

Although "[t]he general rule in our legal system is that each party must pay its own attorney's fees and expenses, * * *," Perdue v. Kenny A., 130 S.Ct. 1662, 1671, 176 L.Ed.2d 494 (2010), 42 U.S.C. § 1988 "provides that a prevailing party in certain civil rights actions may recover 'a reasonable attorney's fee as part of the costs.'" Id. Under Section 1988, a prevailing defendant may recover attorney's fees only "when the suit is vexatious, frivolous, or brought to harass or embarrass defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); see also Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir. 2006) ("[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 541 L.Ed.2d 648 (1978))); Sista v. CDC Ixis North America, Inc., 445 F.3d 161, 178 (2d Cir. 2006) (accord); Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (accord). "A prevailing defendant need not show bad faith by a plaintiff to be entitled to attorneys' fees, though such a showing provides an even stronger basis for the award." Panetta, 460 F.3d at 399 (internal quotations and citation omitted).

Although it is "very rare that victorious defendants in civil rights cases will recover attorneys' fees," Sista, 445 F.3d at 178, this is one of those rare cases where an award of attorney's fees is appropriate. This action was the third action commenced by plaintiff asserting the same claims, i.e., plaintiff commenced its first action in state court, then a second action in federal court upon conclusion of the first action unfavorably to plaintiff. In the second action

3

commenced by plaintiff, Judge Spatt dismissed plaintiff's equal protection and due process claims, *inter alia*, as barred by the doctrine of collateral estoppel. The passage of almost seven (7) years from the date of Judge Spatt's order until the commencement of this action did not vitiate the collateral estoppel bar to plaintiff's claims. Plaintiff's equal protection and due process claims, which were virtually identical to his claims in the prior two (2) actions, remained precluded by the doctrine of collateral estoppel. Plaintiff's repeated filings, in the face of previous dismissals on the merits of its claims, constitute more than just a "zealous pursuit of its claims." (Affirmation of William D. Wexler, Esq. in Opposition to Motion for Attorneys Fees [Wexler Aff.], ¶5). Rather, they constitute harassment of defendants and a waste of judicial resources.

Moreover, plaintiff's claims, with the exception of its Fifth Amendment Takings Clause claim, were clearly time-barred, since the conduct of which plaintiff complained occurred over seven (7) years prior to the commencement of this action and the property was re-zoned more than three (3) years prior to the commencement of this action. In addition, plaintiff's Takings Clause claim was clearly not ripe for review in this Court. Since all of plaintiff's claims in this action were clearly frivolous on their face and brought to harass defendants, it is appropriate to award attorney's fees to defendants under the circumstances of this case.

B. Amount Recoverable

"The most useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433, 103 S.Ct. 1933; see also Green v. Torres, 361 F.3d 96, 98

4

(2d Cir. 2004). The resulting calculation is commonly referred to as the "lodestar" figure, and it is strongly presumed to be a reasonable attorney's fee. Perdue, 130 S.Ct. at 1673; Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). The burden is on the fee applicant to submit evidence to support the number of hours expended and the rates claimed. Hensley, 461 U.S. at 437, 103 S.Ct. 1933.

1. Hours Expended

In determining the amount of hours reasonably expended, the court must

> "examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case. Efforts put into research, briefing and the preparation of a case can expand to fill the time available, and some judgment must be made in the awarding of fees as to diminishing returns from such further efforts. * * * In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties. (Citations omitted)."

Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998).

"[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the "lodestar" calculation. See Hensley, 461 U.S. at 434, 103 S.Ct. 1933; see also Peacock v. Schwartz, 154 F.Supp.2d 428, 430 (E.D.N.Y. 2001). In reducing the "lodestar" amount, the court may exclude the excessive and unreasonable hours from its calculation by making an across-the-board reduction, or percentage cut, in the amount of hours. See Green v. City of New York, 2010 WL 5174937, at * 4 (2d Cir. Dec. 22, 2010); Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997).

Three (3) partners and one (associate) in the law firm of Jaspan Schlesinger LLP ("the firm"), prepared the motion to dismiss, expending a total of over one hundred twelve (112.97) hours. (Affidavit of Maureen T. Liccione [Liccione Aff.], ¶ 15; Ex. B). Upon review of the billing records, none of the hours expended appear redundant, duplicative or unnecessary.

2.  Hourly Rate

In determining a reasonable hourly rate, the court should consider the prevailing rates of lawyers with comparable skill, experience and reputation in the district in which the action was commenced and litigated. Missouri v. Jenkins by Agyei, 491 U.S. 274, 286, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); Luciano, 109 F.3d at 115. Rates should be "current rather than historic hourly rates." Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006) (quoting Gierlinger, 160 F.3d at 882). An attorney's customary rate is a reasonable starting point in determining an hourly rate. Parrish v. Sollecito, 280 F.Supp.2d 145, 169-70 (S.D.N.Y. 2003).

Recent prevailing hourly rates in the Eastern District are: (1) between two hundred ($200.00) to four hundred dollars ($400.00) for partners, see, e.g. Dupler v. Costco Wholesale Corp., 705 F.Supp.2d 231, 245 n. 10 (E.D.N.Y. 2010) (finding the prevailing hourly rate for partners in the Eastern District of New York to be $300.00 to $400.00); Musical Productions, Inc. v. Roma's Record Corp., 05-cv-5903, 2009 WL 3052630, at * 10 (E.D.N.Y. Sept. 23, 2009) (finding the prevailing hourly rate for partners in the Eastern District of New York to be $200.00 to $300.00, but recognizing that that amount might be outdated and that the actual amount was likely higher); (2) between one hundred ($100.00) to two hundred fifty dollars ($250.00) for

associates, see, e.g. Musical Productions, 2009 WL 3052630, at * 10; and (3) approximately one hundred dollars ($100.00) for paralegals, see, e.g. id.

Although Ms. Liccione indicates that the firm billed defendants an hourly rate of one hundred sixty-five dollars ($165.00) for the work performed by its attorneys,[2] the billing records indicate that defendants were only billed that hourly rate (as adjusted) for work completed by the firm's partners. (Id.) The firm billed defendants an hourly rate of one hundred dollars ($100.00) for the hour of work performed by the associate, Seth Presser. (Id., Ex. B). The firm also billed defendants an hourly rate of ninety dollars ($90.00) to one hundred dollars ($100.00) for work performed by its paralegals. (Id.) Since those amounts are comparable with, or lower, than the prevailing hourly rates in this district, the hourly rates charged by the firm to defendants was reasonable. Accordingly, the total "lodestar" amount is nineteen thousand six hundred eighty dollars and eighty-five cents ($19,680.85) (eighteen thousand four hundred seventy-five dollars and five cents [$18,475.05] for work performed by the partners and one thousand two hundred five dollars and eighty cents [$1,205.80] for work performed by the associate and paralegals).

3.   Adjustment

After the initial "lodestar" calculation is made, the court may adjust the amount upward or downward. Hensley, 461 U.S. at 434, 103 S.Ct. 1933. The party requesting the adjustment has the burden of establishing the propriety of a departure from the "lodestar" amount. See Perdue, 130 S.Ct. at 1673. "[E]nhancements may be awarded in rare and exceptional

---

[2] According to Ms. Liccione, the hourly rate charged defendants was "significantly lower than the firm's standard municipal rates of $175-$275 per hour." (Id. at ¶ 17).

circumstances," id. (internal quotations and citations omitted), and "may not be awarded based on a factor that is subsumed in the lodestar calculation." Id. For example, the novelty and complexity of a case and the quality of counsel's performance generally may not be used to enhance the lodestar calculation. See id. In contrast, an enhancement may be appropriate, *inter alia*, "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted" or where "an attorney's performance involves exceptional delay in the payment of fees." Perdue, 130 S.Ct. at 1674-5. The district court should provide "a concise but clear explanation of its reasons for the fee award," and when an adjustment is made to the "lodestar" amount, the court "should make it clear that it has considered the relationship between the amount of the fee awarded and the results obtained." Hensley, 461 U.S. at 437, 103 S.Ct. 1933; see also Perdue, 130 S.Ct. at 1676 ("It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement.")

Neither party has requested a departure from the lodestar amount. In any event, the lodestar amount itself, without adjustment, is reasonable.


E.   Costs

Prevailing parties are also entitled to recover reasonable, identifiable out-of-pocket disbursements which are ordinarily charged to clients. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (quoting U.S. Football League v. National Football League, 887 F.2d 408, 416 (2d Cir. 1989)). Defendants incurred litigation expenses in the amount of eight hundred twenty-nine dollars and three cents ($829.03) for, *inter alia*, postage and copying

expenses, (Liccione Aff., Ex. B), which are recoverable expenses. See, e.g. id. (recognizing that photocopying, travel, incidental travel expenses, telephone costs, and filing fees are generally recoverable).

F.  CONCLUSION

For the reasons set forth above, defendants' motion for attorney's fees pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure is granted and defendants are awarded attorney's fees in the amount of nineteen thousand six hundred eighty dollars and eighty-five cents ($19,680.85) and costs in the amount of eight hundred twenty-nine dollars and three cents ($829.03), for a total award of twenty thousand five hundred and nine dollars and eighty-eight cents ($20,509.88).

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 31, 2011
       Central Islip, New York